889 N.E.2d 209 (2008)
In re COUNTRY MUTUAL INSURANCE COMPANY et al. (Steve Carr, etc., appellee,
v.
Harold Vogelzang, appellant).
No. 103463.
Supreme Court of Illinois.
September 26, 2007.
This appeal involves a third-party action brought by Steve Carr, d/b/a Carr Construction, against Harold Vogelzang, a Country Mutual Insurance Company agent, in a declaratory judgment action filed by Country Mutual to determine whether it is obligated to defend and indemnify Carr in an action for damages brought against him and his subcontractors by homeowners Ruth Rollings and Dana Bowyer. Carr has sought recovery from Vogelzang on the theory that Vogelzang owed him a duty to exercise ordinary care and skill in procuring the insurance policy at issue here and that if Country Mutual is correct that there is no coverage under that policy, then Vogelzang should be required to compensate him for any damages, including costs of defense, he incurs in the Rollings/Bowyer litigation.
Carr's third-party action is clearly conditional in nature. Carr cannot recover from Vogelzang unless (1) Carr is found liable for damages in the Rollings/Bowyer litigation and Country Mutual is found to have no obligation to indemnify Carr for those damages; or (2) Country Mutual has no duty to defend Carr against the claims asserted against him by Rollings and Bowyer.
Based upon our review of the record and briefs as supplemented by the parties during the pendency of this appeal, it is clear that the first of these circumstances will never occur. Rollings and Bowyer have settled their claims against Carr. Under that settlement, Carr was not required to pay any damages, and the action against him was dismissed with prejudice, eliminating the possibility that he may have to pay damages to Rollings and Bowyer in the future. There being no damages, Country Mutual's duty to indemnify Carr is not triggered. There being no need for indemnification, Vogelzang cannot be held liable for failing to provide Carr with a policy that would provide such indemnification.
The second circumstance under which Carr could proceed against Vogelzang is also absent. An insurer may not justifiably refuse to defend an action against its insured unless it is clear from the face of the underlying complaint that the allegations set forth in that complaint fail to state facts that bring the case within or potentially within the insured's policy coverage. General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 215 Ill.2d 146, 154, 293 Ill.Dec. 594, 828 N.E.2d 1092 (2005). In this case, Country Mutual claimed there was no coverage because there was no "occurrence" within the meaning of the policy. That contention has been rejected by the appellate court (see Country Mutual Insurance Company v. Carr, 372 Ill.App.3d 335, 311 Ill.Dec. 171, 867 N.E.2d 1157 (2007)) whose decision we have declined to review (Country Mutual Insurance Company v. Carr, No. 104531, 225 IU.2d 630, 314 Ill.Dec. 823, 875 N.E.2d 1110 (Sept. 26, 2007)). Although the appellate court's judgment left open the possibility that Country Mutual might be able to prove the existence of a policy exclusion, Country Mutual has already abandoned the one policy exclusion it invoked in this case. In addition, because the duty to defend is gauged by the allegations of the complaint, what the facts subsequently show is immaterial. If the underlying complaint alleges facts within or *210 potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent. General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 215 Ill.2d at 155, 293 Ill.Dec. 594, 828 N.E.2d 1092. In light of the appellate court's judgment in Country Mutual Insurance Company v. Carr, 372 Ill.App.3d 335, 311 Ill.Dec. 171, 867 N.E.2d 1157 (2007), that standard was met here. Carr will therefore be entitled to obtain recovery from Country Mutual for the costs he expended in defending against Rollings/Bowyer's claims, which have now been dismissed. That being the case, Carr has no cause to look to Vogelzang for recovery of his legal expenses.
For the foregoing reasons, Carr's third-party action against Vogelzang is now moot and should be dismissed. In light of that determination, there is no need for this court to address the merits of the appellate court's judgment in this case, and the appellate court's judgment will be vacated. On the Court's own motion,
IT IS THEREFORE ORDERED that the judgment of the appellate court pertaining to Carr's third-party action against Vogelzang is vacated, and the cause is remanded to the circuit court with directions that the third-party action be dismissed as moot.
Order entered by the court.